# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| HELEN SMITH, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | C.A. No. 19I-01567 |
| | ) | |
| STATE OF DELAWARE, | ) | |
| | ) | |
| Appellee. | ) | |

## ORDER

Date Submitted: April 9, 2019
Date Decided: July 17, 2019

Appellant, Helen Smith ("Ms. Smith")[1] filed an Appeal of Commissioners' Findings of Fact and Recommendations issued March 6, 2019 and March 13, 2019. The Commissioner found probable cause to involuntarily commit Ms. Smith. For the foregoing reasons, Ms. Smith's appeal is **DISMISSED** as moot.

### Findings of Fact

On March 5, 2019, the State filed a complaint seeking involuntary inpatient commitment and involuntary outpatient treatment, relying on the police officer's 24-hour detention form and the DPC physician affidavits. After a March 6, 2019 probable cause hearing followed by an "8-day hearing" on March 13, 2019, the Court ordered Ms. Smith's continued involuntary inpatient commitment, followed by

---

[1] In the interest of confidentiality, the Court has given Appellant a fictitious name.

involuntary outpatient commitment over objection and medication without acquiescence. A hearing was scheduled for June 5, 2019 pursuant to Title 16 *Del. C.* Ch. 50. Ms. Smith filed a *pro se* appeal of the Commissioner's March 13 order. In the time the appeal was pending, Ms. Smith was released from involuntary inpatient commitment to involuntary outpatient treatment.

## Standard of Review

Superior Court Civil Rule 132(a)(4) provides Commissioners the power to conduct case-dispositive hearings including, among other things, mental hearings pursuant to Title 16 *Del. C.* ch 50.[2] Upon review of a Commissioner's case-dispositive determination, the Court "shall make a de novo determination of those portions of the report or specified proposed findings of fact or recommendations made by the Commissioner."[3]

## Discussion

In her appeal, Ms. Smith argues that the Commissioner she received ineffective assistance of counsel and presents several challenges to the facts and testimony admitted at the hearing. The State argues that the Court appointed Ms. Smith counsel and at no time did she object to her representation. Additionally, the State sets forth a variety of evidence contradicting the factual disputes and hearsay claims alleged by Ms. Smith.

---

[2] Super. Ct. Civ. R. 132(a)(4), (4)(iv).
[3] Super. Ct. Civ. R. 132(a)(iv).

Ms. Smith appeals the Commissioner's March 13 Order ordering involuntary inpatient commitment and involuntary outpatient treatment over objection. However, Ms. Smith's appeal is moot.[4] Ms. Smith was released from involuntary commitment on April 2, 2019, and the March 13 involuntary outpatient treatment order is now expired.[5] Though a justiciable controversy might have existed at the time the appeal was filed, the appeal must be dismissed as the controversy ceases to exist.

## Conclusion

For the foregoing reasons, the appeal is **DISMISSED** as moot.

**IT IS SO ORDERED.**

_____

**Judge Calvin L. Scott, Jr.**

---

[4] *See Smith v. State*, 198 A.3d 176 (Del. 2018).
[5] *See* 16 *Del. C.* § 5013 ("If the court determines that an individual meets the criteria for involuntary outpatient treatment over objection, the court shall enter an order of disposition which shall not exceed 3 months . . . .").